SHEPPARD MULLIN RICHTER & HAMPTON LLP
STEVEN P. BRACCINI, Cal Bar No. 230708
WENDY C. KROG, Cal Bar No. 257010
379 Lytton Avenue
Palo Alto, California  94301-1479
Telephone:   (650) 815-2600
Facsimile:    (650) 815-2601
E-mail:         sbraccini@sheppardmullin.com
                    wkrog@sheppardmullin.com

Attorneys for Plaintiff David F. Nagle
Individually and as Trustee of the David Frederick Nagle 2012 Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| David F. Nagle, individually and as Trustee of the David Frederick Nagle 2012 Trust<br><br>Plaintiff,<br><br>v.<br><br>Thomas A. York, individually; Advance Management, L.L.C., a Delaware limited liability company,<br><br>Defendants. | Case No.  5:20-cv-08482<br><br>**COMPLAINT FOR:**<br><br>**(a)  BREACH OF CONTRACT;**<br><br>**(b)  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>**(c)  BREACH OF FIDUCIARY DUTY;**<br><br>**(d)  CONVERSION** |

Plaintiff David F. Nagle, individually and as trustee of the David Frederick Nagle 2012 Trust ("**Plaintiff**") alleges as follows:

**I.**

**INTRODUCTION**

David F. Nagle and Defendant Thomas A. York ("**York**") are half-brothers. Beginning in or about 2014, Plaintiff invested in various business ventures with York and York's company, Defendant Advance Management, L.L.C. ("**Advance Management**") and also loaned York $1,858,000 cash outright.  As of October 2020, the total amount of

indebtedness incurred by York and Advance Management from Plaintiff was $2,858,968.00. Despite multiple promises to repay the debt, York and Advance Management have failed or refused to do so, necessitating this lawsuit.

## II.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. section 1332(a)(2) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. Plaintiff is a citizen of California, Defendant Thomas York ("**York**") is a citizen of Texas, and Defendant Advance Management, L.L.C. ("**Advance Management**") is a Delaware limited liability company with its principal place of business in Michigan. Advance Management is a member managed company, with York, a citizen of Texas, as its sole member.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## III.

## THE PARTIES

3. Plaintiff David F. Nagle is an individual who currently resides, and at all times relevant herein, resided in Santa Clara County, California. Mr. Nagle is the trustee and settlor of the David Frederick Nagle 2012 Trust.

4. York is an individual who currently resides in Texas.

5. Advance Management is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Michigan. Advance Management is a member-managed LLC and York is its sole member.

/ / /

/ / /

/ / /

# IV.

# GENERAL ALLEGATIONS

6. Beginning in or about 2014 through 2015, York proposed, and Plaintiff agreed, to invest in four bonds. Plaintiff invested over $835,000 in four bonds which paid monthly interest and principal and were scheduled to reach maturity over a two to three year period. Plaintiff is informed and believes and thereon alleges that York, through Advance Management, also invested in these bonds.

7. Between 2014 and mid-2015, approximately $170,000 of his $835,000 investment had been returned to Plaintiff by way of payments of principal.

8. In approximately mid-2015, Plaintiff stopped receiving any interest or principal from the bonds. Plaintiff was informed by York that, unbeknownst to Plaintiff, the entire investment in the four bonds, including Plaintiff's remaining approximately-$630,000 investment, had been transferred to four new bonds which would reach maturity in 2018-2019.

9. Between 2015 and 2020, Plaintiff loaned York a total of $1,858,000 cash, which was secured by the four new bonds.

10. In the summer of 2018, two of the four new bonds were scheduled to reach maturity. At that point, however, Plaintiff learned that the four new bonds had instead been redeemed and invested in a mortgage on real property owned by a Chicago development company, with whom York had business ties. Plaintiff was advised that the real property was in the process of being sold, and that once it was sold, Plaintiff would recoup his investment in the bonds, and York would also repay the loans Plaintiff had given him between 2015 and 2018.

11. In late 2018, the real property was sold. However, the new mortgage underwriter for the property required $50,000,000 of the sale proceeds be put into escrow for a period during which the new owners were required to demonstrate that they could generate enough revenue to satisfy the underwriter. Plaintiff was told that once the sale proceeds were released from escrow, he would receive the approximately $2.4 million he was owed.

12. On November 12, 2019, York, on behalf of Advance Management, executed a promissory note in favor of Plaintiff in the amount of $2,464,813.63, to evidence the total amount of indebtedness owed to him by York and Advance Management, including Plaintiff's investment in the bonds and the cash loans to York.

13. On December 27, 2019, the new owners of the real property obtained a new mortgage and the entirety of the $50,000,000 was released from escrow. Despite York assuring Plaintiff on multiple occasions that the promissory note would be paid in full, that did not happen. Instead, Plaintiff learned that the money owed him was apparently invested in a third-party company without Plaintiff's knowledge or consent.

14. The promissory note was amended and restated thereafter on May 8, 2020, July 1, 2020, and finally October 6, 2020, to reflect an increase in principal as a result of Defendants' failure or inability to pay off the debt. Plaintiff agreed to the amendments and restatements of the promissory note based on assurances he received that Defendants' ability to repay the indebtedness was always "just around the corner."

15. The current iteration of the promissory note was executed by York on behalf of Advance Management on October 6, 2020, for a total indebtedness of $2,858,968.00 ("**October Note**"). The maturity date of the October Note was November 16, 2020. The October Note is attached hereto as **Exhibit A**.

16. The October Note contains a representation from the borrower that it is owed $5,290,115.48 from third parties George P. Colis and the Charis Trust III, however, the October Note expressly provides that "Borrower's obligation under this Note is absolute and not contingent on Borrower's receipt of payment pursuant to the Colis Confession."

17. The November 16, 2020 maturity date on the October Note passed without Plaintiff receiving any payment and the entire amount of indebtedness of $2,858,968, plus interest, remains due and owing.

18. On November 24, 2020, Plaintiff, through his counsel, sent Defendants a notice of default and demand for payment. A copy of which is attached as **Exhibit B.** Defendants have not made any payment.

## FIRST CLAIM FOR RELIEF

### [Breach Of Contract]

### Defendant Advance Management

19. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18, above, as if fully set forth herein.

20. The October Note is a valid contract.

21. Plaintiff performed all of his obligations under the October Note.

22. The October Note obligated Advance Management to pay Plaintiff the principal sum of $2,858,968 with interest at the rate of 10% per annum on or before November 16, 2020.

23. Defendants, or one of them, breached the October Note by failing to pay the sums owed under the October Note.

24. As a direct and proximate result of Defendants', or one of their, breach of October Note, Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### [Breach of the Implied Covenant of Good Faith and Fair Dealing]

### Defendant Advance Management

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24, above, as if fully set forth herein.

26. The October Note a valid contract.

27. Plaintiff performed all of his obligations under the October Note.

28. Implied into the October Note is an obligation that Defendant Advance Management act in good faith and deal fairly with Plaintiff. The implied covenant required Advance Management to faithfully comply with the requirements of the October Note and to fulfill their obligations thereunder in good faith without any intention to mislead or take unfair advantage of Plaintiff.

29. Advance Management breached the covenant of good faith and fair dealing implied in the October Note because Defendants, or one of them, knew that they did not

intend to fulfill their obligations under the October Note but nonetheless misled Plaintiff and took unfair advantage of him by entering into the Note which they have no intention to repay.

30. As a direct and proximate result of Defendants', or one of their, breach of the covenant of good faith and fair dealing implied in the October Note, Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### [Breach of Fiduciary Duty]

### Defendants York and Advance Management

31. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 30, above, as if fully set forth herein.

32. A fiduciary relationship existed between Plaintiff and Defendants, or one of them. Specifically, Plaintiff and his half-brother shared a close relationship and Plaintiff reposed confidence in the integrity of Defendants, which Defendants accepted and assumed by promising that various business deals would be made for the benefit of Plaintiff and that Defendants would fulfill their obligations with respect to the subject promissory notes. Defendants, or one of them, took advantage of Plaintiff's belief that they would act with the utmost good faith in their dealings with Plaintiff, by taking the actions outlined above without Plaintiff's knowledge or consent.

33. Plaintiff was damaged by Defendants', or one of their, breach of their fiduciary duties in an amount to be proven at trial. Plaintiff's damages were proximately caused by this breach.

34. Plaintiff is entitled to damages in an amount to be proven at trial for all harm proximately caused by Defendants', or one of their, breach of fiduciary duty.

/ / /
/ / /
/ / /
/ / /

## FOURTH CLAIM FOR RELIEF

### [Conversion]

### Defendants York and Advance Management

35. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 34, above, as if fully set forth herein.

36. Plaintiff had a right to possess the $630,000 bond investment and the $1,858,000 loaned to York.

37. Defendants, or one of them, substantially interfered with Plaintiff's right to possess that property by preventing Plaintiff from having access to it and by failing or refusing to return the property after Plaintiff demanded its return.

38. Plaintiff did not consent to Defendants', or one of their, failure to return Plaintiff's property.

39. Plaintiff was harmed by Defendants', or one of their, failure to return Plaintiff's property.

40. Defendants', or one of their, conduct was a substantial factor in causing Plaintiff's harm.

## V.

## PRAYER FOR RELIEF

Plaintiff requests the following relief as a result of Defendants' unlawful acts described herein:

A. An award to Plaintiff of compensatory and consequential damages flowing from Defendants' wrongful acts as described herein.

B. An order awarding Plaintiff prejudgment and post-judgment interest.

C. An order awarding Plaintiff its attorneys' fees and costs.

D. An order awarding Plaintiff exemplary or punitive damages.

E. An order for such other and further relief as the Court may deem just and appropriate.

Dated:  December 1, 2020        SHEPPARD MULLIN RICHTER & HAMPTON LLP


                                By   _____
                                        STEVEN P. BRACCINI
                                        WENDY C. KROG

                                Attorneys for Plaintiff David F. Nagle, individually
                                and as Trustee of the David Frederick Nagle 2012
                                Trust

# Exhibit A

## AMENDED AND RESTATED PROMISSORY NOTE

$2,858,968.00                                                                                          October 6, 2020

WHEREAS, Advance Management L.L.C., a Delaware Limited Liability Company, ("Borrower") delivered to The David Frederick Nagle 2012 Trust ("Lender"), that certain Promissory Note dated November 12, 2019 in favor of Lender, in the original principal amount of $2,464,813.63 (the "November Note"); and

WHEREAS, Borrower subsequently delivered to Lender that certain Promissory Note dated May 8, 2020 in favor of Lender, in the original principal amount of $2,720,191.00 (the "May Note") intended to supersede the November Note; and

WHEREAS, Borrower subsequently delivered to Lender that certain Promissory Note dated July 1, 2020 in favor of Lender, in the original principal amount of $2,767,521.00 (the "July Note") intended to supersede the November Note; and

WHEREAS, Lender and Borrower now wish to amend and restate the July Note and May Note and November Note to reflect an increase in principle of $18,000.00 (Eighteen Thousand and 00/100 Dollars), accrued but unpaid interest, a change in the interest rate, a new maturity date and other matters, all as set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the November Note and the May Note and the July Note are hereby amended and restated in their entirety as follows. This Amended and Restated Promissory Note is referred to hereinafter as the "Note."

FOR VALUE RECEIVED, Borrower hereby promises to pay to Lender on or before November 16, 2020, in lawful money of the United States, at such place as may be designated from time to time by Lender, the principal sum of Two Million Eight Hundred Fifty-Eight Thousand Nine Hundred Sixty Eight and 00/100 Dollars ($2,858,968.00), together with interest on the unpaid principal beginning on the date hereof, at an annual rate equal to ten percent (10.00%). All payments hereunder shall be made by check payable to Lender or by wire transfer in accordance with instructions provided by Lender.

Interest shall accrue on the principal obligation commencing on October 6, 2020 and continuing monthly thereafter until payment in full of all principal and interest due under this Note. Borrower represents that it is the oblige of that certain indebtedness owed to Borrower by George P. Colis and Charis Trust III ("Colis") from a loan to Colis by Borrower in 2014 and a subsequent series of Promissory Notes all due and payable by March 24, 2020 in the amount of $5,290,115.48, as reflected in the document attached hereto as Exhibit A titled "Confession of Judgment" (the "Colis Confession"). Borrower agrees to pay Lender all amounts received in payment of the Colis Confession immediately upon receipt thereof to be applied first to any and all accrued interest through the payment date and second to the principal remaining due hereunder, until all amounts due and payable under this Note have been paid in full. Borrower's obligation under this Note is absolute and is not contingent on Borrower's receipt of payment pursuant to the Colis Confession.

This Note may be prepaid, in whole or in part, at any time without premium or penalty. Any prepayment shall first be applied against accrued but unpaid interest and then against principal.

If any payment of principal or interest on this Note shall become due on a Saturday, Sunday, or a public holiday under the laws of the State of California, such payment shall be

made on the next succeeding business day. Any payment shall be deemed made upon receipt by Lender.

Payments by Borrower shall be applied first to any and all accrued interest through the payment date and second to the principal remaining due hereunder. Upon payment in full of all principal and interest payable hereunder, this Note shall be surrendered to Borrower for cancellation.

Borrower waives presentment, demand for performance, notice of nonperformance, protest, notice of protest, and notice of dishonor. No delay on the part of Lender in exercising any right hereunder shall operate as a waiver of such right under this Note. This Note is being delivered in and shall be construed in accordance with the laws of the State of California. In the event that more than a single person or entity is liable as a payor or guarantor under this Note, such liability shall be joint and several. This Note shall inure to the benefit of and be binding upon the parties' heirs, successors, executors, administrators and permitted assigns.

Borrower and Lender intend to comply at all times with applicable usury laws. If at any time such laws would render usurious any amounts due under this Note, then it is Borrower's and Lender's express intention that Borrower not be required to pay interest on this Note at a rate in excess of the maximum lawful rate, that the provisions of this paragraph shall control over all other provisions of this Note which may be in apparent conflict hereunder, that such excess amount shall be immediately credited to the principal balance of this Note (or, if this Note has been fully paid, refunded by Lender to Borrower), and the provisions hereof shall be immediately reformed and the amounts thereafter collectible under this Note reduced, without the necessity of the execution of any further documents, so as to comply with the then applicable usury law, but so as to permit the recovery of the fullest amount otherwise due under this Note.

The occurrence of any one or more of the following shall constitute an Event of Default: (a) Borrower fails to pay any principal, interest or other amount due under this Note on the date the same becomes due and payable; (b) Borrower fails to perform any of its non-monetary obligations under this Note; (c) Borrower files any petition or action for relief with respect to itself under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of its creditors or takes any action in furtherance of any of the foregoing; or (d) an involuntary petition is filed against Borrower (unless such petition is dismissed or discharged within 60 days) under any bankruptcy statute now or hereafter in effect, or a custodian, receiver, trustee, assignee for the benefit of creditors, or similar official is appointed to take possession, custody or control of any material property of Borrower.

Upon the occurrence of an Event of Default, Lender may, at Lender's option and in Lender's sole discretion, and in addition to any other remedy which Lender may have, immediately upon or at any time after giving notice of default to Borrower, accelerate the maturity of all amounts due under this Note by giving notice to Borrower of such acceleration. In the event of any default by Borrower (whether or not subsequently cured and whether or not Lender determines to cause an acceleration), interest shall accrue and continue to accrue on all unpaid amounts at the default rate of ten percent (10%) per annum.

Borrower's obligations under this Note are guaranteed by that certain Guaranty of Promissory Note dated of even date herewith (the "Guaranty") given by Thomas A. York, Manager and Sole Member of Borrower, in favor of Lender.

If the indebtedness represented by this Note or any part thereof is collected at law or in equity or in bankruptcy, receivership or other judicial proceedings or if this Note is placed in the

hands of attorneys for collection after default, Borrower agrees to pay, in addition to the principal and interest payable hereon, reasonable attorneys' fees and costs incurred by Lender.

All notices required or permitted hereunder shall be in writing and shall be deemed given if delivered personally, by email or dispatched by a recognized overnight courier service to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

(i) If to Borrower:
Advance Management LLC
c/o Thomas A. York
214 Barton Springs Road #722
Austin TX 78704

(ii) If to Lender:
David F. Nagle
261 Stanford Avenue
Palo Alto, CA 94306

Borrower agrees that any action to enforce this Note or the obligations hereunder shall be brought exclusively in the Superior Court of California for the County of San Mateo or the United States District Court for the Northern District of California and Borrower hereby irrevocably submits and consents to the exclusive jurisdiction of such courts for any such action. The service of process for any such action under this Note shall be sufficiently delivered if delivered personally or sent by registered or certified mail, postage prepaid and return receipt requested, to the parties at the addresses designated by them from time to time, and shall be deemed to have been delivered five (5) days after deposit in the United States mail, or upon receipt if personally delivered.

**BORROWER:**

_____
Advance Management L.L.C.

By: Thomas A. York
   As Managing Member

**ACCEPTED AND AGREED:**

_____
David F. Nagle, Trustee of the David Frederick Nagle 2012 Trust

P:\4635\03\Promisory Note 20.0622.docx

hands of attorneys for collection after default, Borrower agrees to pay, in addition to the principal and interest payable hereon, reasonable attorneys' fees and costs incurred by Lender.

All notices required or permitted hereunder shall be in writing and shall be deemed given if delivered personally, by email or dispatched by a recognized overnight courier service to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

(i) If to Borrower:
Advance Management LLC
c/o Thomas A. York
214 Barton Springs Road #722
Austin TX 78704

(ii) If to Lender:
David F. Nagle
261 Stanford Avenue
Palo Alto, CA 94306

Borrower agrees that any action to enforce this Note or the obligations hereunder shall be brought exclusively in the Superior Court of California for the County of San Mateo or the United States District Court for the Northern District of California and Borrower hereby irrevocably submits and consents to the exclusive jurisdiction of such courts for any such action. The service of process for any such action under this Note shall be sufficiently delivered if delivered personally or sent by registered or certified mail, postage prepaid and return receipt requested, to the parties at the addresses designated by them from time to time, and shall be deemed to have been delivered five (5) days after deposit in the United States mail, or upon receipt if personally delivered.

**BORROWER:**

Advance Management L.L.C.

By: Thomas A. York
As Managing Member

**ACCEPTED AND AGREED:**

David F. Nagle, Trustee of the David Frederick Nagle 2012 Trust

P:\4635\03\Promisory Note 20.0622.docx

3

# Exhibit B

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
379 Lytton Avenue
Palo Alto, California 94301-1479
650.815.2600 main
650.815.2601 fax
www.sheppardmullin.com

650.815.2656 direct
wkrog@sheppardmullin.com

November 25, 2020

**BY OVERNIGHT DELIVERY**

Advance Management L.L.C.
c/o Thomas A. York
214 Barton Springs Road #722
Austin, TX  78704

Re:   **NOTICE OF DEFAULT AND DEMAND FOR PAYMENT**

Dear Mr. York:

This firm represents David F. Nagle, individually and as trustee of the David Frederick Nagle 2012 Trust in connection with the loans and investments for which Advance Management L.L.C. ("Borrower") is indebted to Mr. Nagle, as evidenced by the attached Amended and Restated Promissory Note for the principal sum of $2,858,968, dated October 6, 2020 (the "**Note**").  As set forth in the Note, the maturity date was November 16, 2020.  We understand that Borrower has failed to timely pay any amounts owed under the Note.  This letter constitutes Mr. Nagle's notice of Borrower's default and demand for the immediate payment of the past-due balance which, as of November 16, 2020, totaled $2,891,082.50.  Interest and fees continue to accrue.

Mr. Nagle specifically does not waive, and does not agree to forbear, with respect to any one or more of his rights and remedies under the Note, or the terms and conditions of applicable law, and reserves all of his respective rights with respect to the foregoing.

Please contact me no later than **November 30, 2020** to make payment arrangements.  If I do not hear from you by that date, Mr. Nagle will assume Borrower refuses to pay its lawful obligations and has elected to breach its obligations under the Note.  Consequently, Mr. Nagle will have little choice but to seek remedies in accordance with law.

Regards,

Wendy C. Krog
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Enclosure
cc:   David F. Nagle
      Steven P. Braccini, Esq.
      J. Barrett Marum, Esq.
      Kendal E. Fletcher, Esq.

SMRH:4816-4615-5219.2

## AMENDED AND RESTATED PROMISSORY NOTE

$2,858,968.00                                                                       October 6, 2020

WHEREAS, Advance Management L.L.C., a Delaware Limited Liability Company, ("Borrower") delivered to The David Frederick Nagle 2012 Trust ("Lender"), that certain Promissory Note dated November 12, 2019 in favor of Lender, in the original principal amount of $2,464,813.63 (the "November Note"); and

WHEREAS, Borrower subsequently delivered to Lender that certain Promissory Note dated May 8, 2020 in favor of Lender, in the original principal amount of $2,720,191.00 (the "May Note") intended to supersede the November Note; and

WHEREAS, Borrower subsequently delivered to Lender that certain Promissory Note dated July 1, 2020 in favor of Lender, in the original principal amount of $2,767,521.00 (the "July Note") intended to supersede the November Note; and

WHEREAS, Lender and Borrower now wish to amend and restate the July Note and May Note and November Note to reflect an increase in principle of $18,000.00 (Eighteen Thousand and 00/100 Dollars), accrued but unpaid interest, a change in the interest rate, a new maturity date and other matters, all as set forth herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the November Note and the May Note and the July Note are hereby amended and restated in their entirety as follows. This Amended and Restated Promissory Note is referred to hereinafter as the "Note."

FOR VALUE RECEIVED, Borrower hereby promises to pay to Lender on or before November 16, 2020, in lawful money of the United States, at such place as may be designated from time to time by Lender, the principal sum of Two Million Eight Hundred Fifty-Eight Thousand Nine Hundred Sixty Eight and 00/100 Dollars ($2,858,968.00), together with interest on the unpaid principal beginning on the date hereof, at an annual rate equal to ten percent (10.00%). All payments hereunder shall be made by check payable to Lender or by wire transfer in accordance with instructions provided by Lender.

Interest shall accrue on the principal obligation commencing on October 6, 2020 and continuing monthly thereafter until payment in full of all principal and interest due under this Note. Borrower represents that it is the oblige of that certain indebtedness owed to Borrower by George P. Colis and Charis Trust III ("Colis") from a loan to Colis by Borrower in 2014 and a subsequent series of Promissory Notes all due and payable by March 24, 2020 in the amount of $5,290,115.48, as reflected in the document attached hereto as Exhibit A titled "Confession of Judgment" (the "Colis Confession"). Borrower agrees to pay Lender all amounts received in payment of the Colis Confession immediately upon receipt thereof to be applied first to any and all accrued interest through the payment date and second to the principal remaining due hereunder, until all amounts due and payable under this Note have been paid in full. Borrower's obligation under this Note is absolute and is not contingent on Borrower's receipt of payment pursuant to the Colis Confession.

This Note may be prepaid, in whole or in part, at any time without premium or penalty. Any prepayment shall first be applied against accrued but unpaid interest and then against principal.

If any payment of principal or interest on this Note shall become due on a Saturday, Sunday, or a public holiday under the laws of the State of California, such payment shall be

made on the next succeeding business day. Any payment shall be deemed made upon receipt by Lender.

Payments by Borrower shall be applied first to any and all accrued interest through the payment date and second to the principal remaining due hereunder. Upon payment in full of all principal and interest payable hereunder, this Note shall be surrendered to Borrower for cancellation.

Borrower waives presentment, demand for performance, notice of nonperformance, protest, notice of protest, and notice of dishonor. No delay on the part of Lender in exercising any right hereunder shall operate as a waiver of such right under this Note. This Note is being delivered in and shall be construed in accordance with the laws of the State of California. In the event that more than a single person or entity is liable as a payor or guarantor under this Note, such liability shall be joint and several. This Note shall inure to the benefit of and be binding upon the parties' heirs, successors, executors, administrators and permitted assigns.

Borrower and Lender intend to comply at all times with applicable usury laws. If at any time such laws would render usurious any amounts due under this Note, then it is Borrower's and Lender's express intention that Borrower not be required to pay interest on this Note at a rate in excess of the maximum lawful rate, that the provisions of this paragraph shall control over all other provisions of this Note which may be in apparent conflict hereunder, that such excess amount shall be immediately credited to the principal balance of this Note (or, if this Note has been fully paid, refunded by Lender to Borrower), and the provisions hereof shall be immediately reformed and the amounts thereafter collectible under this Note reduced, without the necessity of the execution of any further documents, so as to comply with the then applicable usury law, but so as to permit the recovery of the fullest amount otherwise due under this Note.

The occurrence of any one or more of the following shall constitute an Event of Default: (a) Borrower fails to pay any principal, interest or other amount due under this Note on the date the same becomes due and payable; (b) Borrower fails to perform any of its non-monetary obligations under this Note; (c) Borrower files any petition or action for relief with respect to itself under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of its creditors or takes any action in furtherance of any of the foregoing; or (d) an involuntary petition is filed against Borrower (unless such petition is dismissed or discharged within 60 days) under any bankruptcy statute now or hereafter in effect, or a custodian, receiver, trustee, assignee for the benefit of creditors, or similar official is appointed to take possession, custody or control of any material property of Borrower.

Upon the occurrence of an Event of Default, Lender may, at Lender's option and in Lender's sole discretion, and in addition to any other remedy which Lender may have, immediately upon or at any time after giving notice of default to Borrower, accelerate the maturity of all amounts due under this Note by giving notice to Borrower of such acceleration. In the event of any default by Borrower (whether or not subsequently cured and whether or not Lender determines to cause an acceleration), interest shall accrue and continue to accrue on all unpaid amounts at the default rate of ten percent (10%) per annum.

Borrower's obligations under this Note are guaranteed by that certain Guaranty of Promissory Note dated of even date herewith (the "Guaranty") given by Thomas A. York, Manager and Sole Member of Borrower, in favor of Lender.

If the indebtedness represented by this Note or any part thereof is collected at law or in equity or in bankruptcy, receivership or other judicial proceedings or if this Note is placed in the

hands of attorneys for collection after default, Borrower agrees to pay, in addition to the principal and interest payable hereon, reasonable attorneys' fees and costs incurred by Lender.

All notices required or permitted hereunder shall be in writing and shall be deemed given if delivered personally, by email or dispatched by a recognized overnight courier service to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

(i) If to Borrower:
Advance Management LLC
c/o Thomas A. York
214 Barton Springs Road #722
Austin TX 78704

(ii) If to Lender:
David F. Nagle
261 Stanford Avenue
Palo Alto, CA 94306

Borrower agrees that any action to enforce this Note or the obligations hereunder shall be brought exclusively in the Superior Court of California for the County of San Mateo or the United States District Court for the Northern District of California and Borrower hereby irrevocably submits and consents to the exclusive jurisdiction of such courts for any such action. The service of process for any such action under this Note shall be sufficiently delivered if delivered personally or sent by registered or certified mail, postage prepaid and return receipt requested, to the parties at the addresses designated by them from time to time, and shall be deemed to have been delivered five (5) days after deposit in the United States mail, or upon receipt if personally delivered.

**BORROWER:**

_____
Advance Management L.L.C.

By: Thomas A. York
    As Managing Member

**ACCEPTED AND AGREED:**

_____
David F. Nagle, Trustee of the David Frederick Nagle 2012 Trust

P:\4635\03\Promisory Note 20.0622.docx

hands of attorneys for collection after default, Borrower agrees to pay, in addition to the principal and interest payable hereon, reasonable attorneys' fees and costs incurred by Lender.

All notices required or permitted hereunder shall be in writing and shall be deemed given if delivered personally, by email or dispatched by a recognized overnight courier service to the parties at the following addresses (or at such other address for a party as shall be specified by like notice):

(i) If to Borrower:
Advance Management LLC
c/o Thomas A. York
214 Barton Springs Road #722
Austin TX 78704

(ii) If to Lender:
David F. Nagle
261 Stanford Avenue
Palo Alto, CA 94306

Borrower agrees that any action to enforce this Note or the obligations hereunder shall be brought exclusively in the Superior Court of California for the County of San Mateo or the United States District Court for the Northern District of California and Borrower hereby irrevocably submits and consents to the exclusive jurisdiction of such courts for any such action. The service of process for any such action under this Note shall be sufficiently delivered if delivered personally or sent by registered or certified mail, postage prepaid and return receipt requested, to the parties at the addresses designated by them from time to time, and shall be deemed to have been delivered five (5) days after deposit in the United States mail, or upon receipt if personally delivered.

BORROWER:

_____
Advance Management L.L.C.

By: Thomas A. York
    As Managing Member

ACCEPTED AND AGREED:

_____
David F. Nagle, Trustee of the David Frederick Nagle 2012 Trust

P:\4635\03\Promisory Note 20.0622.docx

3