UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID F. NAGLE,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS A. YORK, et al.,<br><br>    Defendants. | Case No. 20-cv-08482-VKD<br><br>**ORDER RE OCTOBER 1, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 26 |

Plaintiff David Nagle and defendants Thomas York and Advance Management LLC ask the Court to resolve a dispute concerning Mr. York's failure timely to respond to Mr. Nagle's requests for admissions ("RFAs"). The Court finds the matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that Mr. York did not timely respond to Mr. Nagle's RFAs, which are deemed admitted for purposes of Rule 36(a)(3), subject to further proceedings as set forth below.

**I.   BACKGROUND**

On April 26, 2021, Mr. Nagle served several RFAs on Mr. York. Dkt. No. 26, Ex. A. Mr. York did not respond to the RFAs within 30 days. The parties did not stipulate to extend the deadline for Mr. York's responses, although Mr. York says that Mr. Nagle agreed to do so, and they did not obtain a court order for any such extension. *Id.* at 2, 5. Fact discovery closed on September 3, 2021. Dkt. No. 21. Mr. York served responses to the RFAs on September 29, 2021. Dkt. No. 26, Ex. B. He admitted RFA Nos. 1 and 2 in full and denied RFA Nos. 3-6 in whole or in part. *Id.*

Mr. Nagle seeks an order establishing that all matters asserted in RFAs are admitted. Mr. York asks the Court to deny Mr. Nagle's request.

## II. LEGAL STANDARD

Rule 36(a) of the Federal Rules of Civil Procedure provides that a request for admission is deemed admitted unless the responding party timely serves a written answer or objection. Fed. R. Civ. P. 36(a)(3). A matter admitted pursuant to Rule 36(a) is "conclusively established" unless a court, "on motion," permits a party to withdraw or amend its admission. Fed. R. Civ. P. 36(b). Under Rule 36(b), a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* Because Rule 36(b) is permissive, not mandatory, even if these requirements are met, a court may consider other factors in deciding whether to exercise its discretion to grant relief. *Conlon v. U.S.*, 474 F.3d 616, 621-22, 624-25 (9th Cir. 2007).

## III. DISCUSSION

### A. Timeliness

The Court first considers whether Mr. York's responses should be considered timely, as he contends, or whether the RFAs should be deemed admitted under Rule 36(a)(3), as Mr. Nagle contends.

The record before the Court demonstrates that Mr. York's responses to the RFAs were not timely. It is undisputed that Mr. York did not respond to the RFAs within 30 days. Even if Mr. York believed Mr. Nagle's counsel had agreed to extend the deadline for his responses, the parties did not file a stipulation to extend the deadline or obtain a court order. *See* Fed. R. Civ. P. 29; Civil L.R. 6-1(a). Mr. York delayed more than three weeks after the close of fact discovery before serving responses to the RFAs. He offers no excuse for this delay apart from his counsel's belief that the matter would settle.

For these reasons, the Court concludes that the RFAs should be deemed admitted for purposes of Rule 36(a)(3).

**B.     Withdrawal or Amendment**

Mr. York does not clearly move for withdrawal of his deemed admissions or seek permission to amend them. Indeed, he does not make any reference to Rule 36(b). However, Mr. York's portion of the joint submission does refer to the purportedly "outcome-determinative" nature of some of the requests, his view that some requests ask for admissions contrary to positions he has earlier disclosed to Mr. Nagle, and his contention that Mr. Nagle would not be prejudiced if the matters were not deemed admitted. Mr. Nagle's portion of the joint submission does not address these matters at all but focuses exclusively on Mr. York's failure to serve timely responses. In fact, it is not clear that the parties ever conferred about the matters that inform the application of Rule 36(b) before submitting their discovery dispute to the Court. Because the parties' submission does not provide an adequate basis to evaluate whether the requirements of Rule 36(b) have been met, the Court is unable to resolve this aspect of the dispute.

The Court is very reluctant to invite further submissions on this matter. However, if Mr. York seeks relief under Rule 36(b), Mr. Nagle should have a fair opportunity to address Mr. York's arguments in support of that relief.

## IV.     CONCLUSION

For the reasons explained above, the Court concludes that Mr. York did not timely respond to Mr. Nagle's RFAs, which are deemed admitted for purposes of Rule 36(a)(3). If Mr. York seeks relief under Rule 36(b), he shall so advise Mr. Nagle immediately, the parties shall confer, and, if Mr. Nagle does not agree, the parties shall file a joint discovery dispute letter with Court no later than **October 20, 2021** addressing this issue and no other.

**IT IS SO ORDERED.**

Dated: October 13, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge