UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID F. NAGLE,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS A. YORK, et al.,<br><br>    Defendants. | Case No. 20-cv-08482-VKD<br><br>**ORDER RE OCTOBER 20, 2021 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 29 |

The parties dispute whether defendant Thomas York should be permitted to withdraw his deemed admissions and amend his responses with respect to plaintiff David Nagle's Requests for Admissions ("RFAs") Nos. 3-6. Dkt. No. 29. The Court held a hearing on this dispute on October 26, 2021.

For the reasons explained below, the Court will permit Mr. York to withdraw his deemed admissions but will re-open discovery and permit Mr. Nagle to take Mr. York's deposition.

**I.    BACKGROUND**

On April 26, 2021, Mr. Nagle served several RFAs on Mr. York. Dkt. No. 26, Ex. A. The Court previously concluded that Mr. York did not timely respond to the RFAs and they are now deemed admitted under Rule 36(a) of the Federal Rules of Civil Procedure. Fact discovery closed on September 3, 2021. Dkt. No. 21. Trial is scheduled to begin December 9, 2021. *Id.*

As relevant to this dispute, Mr. York seeks to withdraw his admission to the following RFAs:

>REQUEST FOR ADMISSION NO. 3: Admit that YOU[1] transferred Plaintiff's investment in the four bonds to four new bonds (hereinafter referred to as "NEW BONDS"), without advising Plaintiff.
>
>REQUEST FOR ADMISSION NO. 4: Admit that between 2015 and 2020, Plaintiff loaned YOU a total of $1,858,000, secured by four bonds.
>
>REQUEST FOR ADMISSION NO. 5: Admit that in 2018, YOU redeemed the NEW BONDS in order to invest in a mortgage on real property.
>
>REQUEST FOR ADMISSION NO. 6: Admit that YOU executed a November 12, 2019 promissory note in the amount of $2,464,813.63 to evidence the total amount of indebtedness owed by YOU to Plaintiff, including Plaintiff's investment in bonds and cash loans to YOU.

Dkt. No. 26, Ex. A. On September 29, 2021, Mr. York served Mr. Nagle with the written responses that he seeks to substitute in place of his deemed admissions to these requests. *Id.*, Ex. B, at 3-4. In his proposed amended responses, Mr. York admits the total amount of indebtedness owed to Mr. Nagle, but he denies that he is personally responsible for such indebtedness and denies transferring Mr. Nagle's investment to the so-called "New Bonds" without advising Mr. Nagle or personally redeeming the "New Bonds" in order to invest the funds in a mortgage on real property. *Id.*

## II. LEGAL STANDARD

Rule 36 serves to important goals: "truth-seeking in litigation and efficiency in dispensing justice. *Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007). "The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." *Id.* (quoting *Perez v. Miami-Dade* County, 297 F.3d 1255, 1268 (11th Cir. 2002)).

Under Rule 36(b), a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The

---

[1] The RFAs define "YOU" as "Defendant Thomas A. York, his agents, officers, directors, employees, partners, corporate parents, subsidiaries or affiliates, and any persons or entities acting at his behest or on his behalf." Dkt. No. 26, Ex. A at 2.

United States District Court
Northern District of California

first requirement of Rule 36(b) is satisfied when upholding an admission would effectively eliminate any presentation on the merits. *Conlon*, 474 F.3d at 622. The second requirement of Rule 36(b) is satisfied when permitting withdrawal and amendment would prejudice the requesting party's ability to prove its case at trial. *Id.* at 622-24.

Because Rule 36(b) is permissive, not mandatory, even if these requirements are met, a court may consider other factors in deciding whether to exercise its discretion to grant relief. *Id.* at 621-22, 624-25 (9th Cir. 2007).

## III.  DISCUSSION

The Court first considers whether permitting Mr. York to withdraw his admissions and amend his responses to RFAs Nos. 3-6 will promote the presentation of the merits of the action. Mr. Nagle asserts four claims for relief: (1) breach of contract against defendant Advance Management LLC ("Advance Management") only; (2) breach of the implied covenant of good faith and fair dealing against Advance Management only; (3) breach of fiduciary duty against Mr. York and Advance Management; and (4) conversion against Mr. York and Advance Management. Dkt. No. 1. The parties agree that whether and to what extent Mr. York is personally liable to Mr. Nagle for the debt at issue is a "case-dispositive" issue, although no party explains how the subject matter of RFAs Nos. 3-6 bears on any issue relevant to the first two claims for relief, which are asserted only against Advance Management. Nevertheless, in these circumstances, Court concludes that permitting the parties to present evidence in support of their respective positions would promote presentation of the merits on this disputed issue.

The Court next considers whether permitting Mr. York to withdraw his admissions and amend his responses to the RFAs will prejudice Mr. Nagle's ability to prove his claims at trial. Mr. Nagle, as the party relying on the deemed admission, has the burden of proving prejudice. *Conlon*, 474 F.3d at 622. Mr. Nagle argues that he was "lured . . . into relying on the admissions establishing Defendant York's personal liability for the debt, thus obviating the need for additional discovery on that issue." Dkt. No. 29 at 2. In addition, he argues that "[h]ad Defendant York sought and been granted timely relief from the deemed admissions, Plaintiff would have had an opportunity to conduct additional discovery to establish Defendant York's personal liability." *Id.*

at 3. However, in the joint submission Mr. Nagle nowhere describes what discovery he would have sought or obtained from Mr. York but for his purported reliance on Mr. York's deemed admissions. Addressing a similar argument in *Conlon v. United States*, the Ninth Circuit stated, "we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice," observing that the prejudice must relate to "the difficulty a party may face in proving its case at trial." 474 F.3d at 624. Mr. Nagle's showing on this point in the joint submission relies on conclusory assertions of prejudice. When pressed during the hearing, Mr. Nagle explained that he chose not to move to compel the production of documents previously requested of Mr. York and chose not to notice Mr. York's deposition on the history of certain transactions related to the debt, although it appears that Mr. Nagle's forbearance on these matters rested at least in part on the hope and expectation that the case would settle short of trial. Dkt. No. 29; *see also* Dkt. No. 24. The Court concludes that Mr. Nagle has not made a sufficient showing of prejudice and, therefore, the second requirement of Rule 36(b) is also satisfied.

Having concluded that both requirements of Rule 36(b) are met, the Court may also consider other factors, such as whether Mr. York can show good cause for delay in seeking to withdraw his admissions and whether he appears to have a strong case on the merits. *See Conlon*, 474 F.3d at 625. Here, Mr. York argues that he delayed serving amended responses to Mr. Nagle's RFAs and seeking to have the deemed admissions withdrawn because he understood Mr. Nagle concurred in an indefinite extension of his discovery obligations while the parties were engaged in settlement discussions. Dkt. No. 29 at 2. As the Court made clear during the hearing and in its prior order (Dkt. No. 28 at 2), Mr. York's arguments on this point lack merit and do not justify his delay. Even if both parties fully expected this case to settle before trial, Mr. York was not free to simply disregard the Court's case management order and the deadlines set for the completion of discovery without seeking relief from those deadlines.

While Mr. York's conduct does not require denial of his request for permission to withdraw his admissions, Mr. Nagle is entitled to some remedy for Mr. York's failure to comply with his discovery obligations in a timely fashion. Accordingly, the Court will re-open discovery for the limited purpose of permitting Mr. Nagle to take the deposition of Mr. York. At Mr.

Nagle's election, Mr. York must appear for deposition in person[2] or via video conference. Mr. York must make himself available for such deposition on a date within 14 days of the date of this order unless the parties mutually agree to a different date. The deposition may not exceed 7 hours. Mr. York must bear all reasonable costs for the deposition, but each party shall bear its own attorney's fees. The Court will permit the parties to supplement their pre-trial disclosures, if necessary, to account for information developed as a result of Mr. Nagle's deposition.

## IV.  CONCLUSION

The Court permits Mr. York to withdraw his deemed admissions and amend his responses with respect to Mr. Nagle's RFAs Nos. 3-6. Mr. Nagle may take Mr. York's deposition as described above.

**IT IS SO ORDERED.**

Dated: October 28, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] Any in-person deposition must comply with applicable public health guidelines.

5